**EXHIBIT G TO PRETRIAL ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BOLDT COMPANY, a Wisconsin Corporation, | ) ) ) |
| Plaintiff and Counter-Defendant, | ) Case No. 1:19-cv-08383 ) |
| vs. | ) Honorable Judge Andrea R. Wood ) |
| BLACK & VEATCH CONSTRUCTION, INC., a Missouri corporation, | ) Magistrate Judge Susan E. Cox ) ) |
| Defendant and Counter-Plaintiff. | ) ) |
| [And Related Claims] | ) |

BVCI'S PROPOSED JURY INSTRUCTIONS[1]

Respectfully Submitted by:
**Black & Veatch Construction, Inc.**

_____
Richard P. Darke
Rosanne Ciambrone
Nicole Mirijanich Moore
Duane Morris LLP
190 S. LaSalle St. Suite 3700
Chicago IL 60601
*Counsel for Black & Veatch Construction, Inc.*

---

[1] Boldt's objections have been filed with the Court as part of BVCI's pretrial order.

Instruction No. 19

      The parties agree that the summaries introduced into evidence concerning the costs that BVCI incurred to complete the erection of the Wind Turbine Generators accurately summarize invoices, purchase orders, and other documents to complete the erection of the Wind Turbine Generators at the project. You should consider these summaries just like all of the other evidence in the case.

_____

Federal Civil Jury Instructions of the Seventh Circuit (2009 rev.) 1.23, Modified

Given _____

Given as Modified _____

Refused _____

Withdrawn _____

Instruction No. 20:

  The Subcontract is a binding and enforceable agreement.

  The Boldt Company materially breached the Subcontract by failing to timely perform its work in accordance with the Construction Schedule.

  BVCI justifiably terminated Boldt from the project for cause effective September 30, 2019.

  You must now decide whether BVCI sustained damages as a result of Boldt's breach. To recover on its claim, BVCI must prove that because of Boldt's failure to timely and fully perform its work under the Subcontract, BVCI was damaged.

  Boldt denies BVCI sustained damages to the extent claimed.

_____

 Given _____

 Given as Modified _____

 Refused _____

 Withdrawn _____

Source of instruction: IPI 700.11 Modified, *Damages*.

Instruction No. 21:

      Where there has been less than full performance, the general measure of damages is the cost of completing the project less the contract price.

_____

Given _____

Given as Modified _____

Refused _____

Withdrawn _____

Source of instruction: *Castricone v. Michaud,* 223 Ill. App. 3d 138, 140 (3d Dist. 1991) ("Thus where there has been less than full performance the general measure of damages is the cost of repairing the defects and/or completing the project."); *Witty v. C. Casey Homes, Inc*., 102 Ill. App. 3d 619, 623-625 (1st Dist. 1981) ("As a general rule, the measure of damages or the credit due the purchaser, when performance by the builder has been less than full performance, is the cost of correcting the defects or completing the omission, rather than the difference in value between what ought to have been done in full performance and what was actually done."); *Nitekman v. Fifield Constr. & Realty*, 2023 IL App (1st) 211319-U,¶ ¶ 9-15 ("the measure of damages is 'the cost of repairing the defects and/or completing the project'"); *Brewer v. Custom Builders Corp.*, 42 Ill. App. 3d 668, 674 (5th Dist. 1976) (same); *Meyers v. Woods*, 374 Ill. App. 3d 440, 453-54 (3d Dist. 2007); *Ross v. Danter Assoc., Inc*., 102 Ill. App. 2d 354, 370 (3d Dist. 1968).

5

Instruction No. 22:

       A contractor may also recover damages caused by delay in construction.

_____

  Given _____

  Given as Modified _____

  Refused _____

  Withdrawn _____

Source of Instruction: *Ambrose v. Biggs*, 156 Ill. App. 3d 515, 519 (2d Dist. 1987) (allowing delay damages for delay in construction).

Instruction No. 23:

       In their Subcontract, the parties agreed to the following:

> Boldt shall also pay twenty-five percent (25%) of the direct costs incurred by BVCI under Articles 00552.25.2 and 00552.25.3 for BVCI's overhead and general and administrative costs.

       The Subcontract is binding, and in the course of applying these instructions, you must abide by the Subcontract in determining the amount of damages, if any, in this case.

_____

Given _____

Given as Modified _____

Refused _____

Withdrawn _____

Source of Instruction: IPI 700.16, Modified, *Damages: Measure When Regulated by Contract* Dep. Ex. 11 § 00552.25.4 p. 27 of 99.

Instruction No. 25:

The law provides a party cannot recover damages it could have prevented by exercising ordinary care and diligence when it learned or should have learned of the breach.

The burden is on Boldt to prove BVCI failed to minimize its damages and that the damages should be reduced by a particular amount as a result.

In this case, Boldt claims and has the burden of proving that, with reasonable efforts and ordinary care, BVCI could have avoided some losses in whole or in part, even though its losses originally resulted from Boldt's failure to keep its promise.

If Boldt proves that BVCI could have avoided some losses in whole or in part with reasonable efforts and ordinary care, you may not require Boldt to pay the amount BVCI could reasonably have avoided and you must subtract any such amount from the amount of damages you have found.

If you find BVCI incurred costs in making a reasonable effort to avoid such losses, you must make an award to BVCI for such costs.

_____

Given _____

Given as Modified _____

Refused _____

Withdrawn _____

Source of Instruction: IPI 700.17 *Determination of Damages--Mitigation of Damages*

8

<u>BVCI Alternative Instruction</u>

BVCI introduced into evidence certain summaries of its costs to complete Boldt's work under the Subcontract. You should consider these summaries just like all of the other evidence in the case.

_____

Federal Civil Jury Instructions of the Seventh Circuit (2009 rev.) 1.23, Modified

Given _____

Given as Modified _____

Refused _____

Withdrawn _____

<u>BVCI Alternative Instruction</u>

The Subcontract is a binding and enforceable agreement.

The Boldt Company materially breached the Subcontract by failing to timely perform its work in accordance with the Construction Schedule.

BVCI justifiably terminated Boldt from the project for cause effective September 30, 2019.

You must now decide whether BVCI sustained damages as a result of Boldt's breach. To recover on its claim, BVCI must prove that because of Boldt's material breach of the Subcontract, BVCI suffered damages.

Boldt denies BVCI sustained damages to the extent claimed.

_____

Given _____

Given as Modified _____

Refused _____

Withdrawn _____

Source of instruction: IPI 700.11 Modified, *Damages*

BVCI Alternative Instruction

  Where there has been less than full performance, the general measure of damages is the cost of completing Boldt's work less the original contract price.

_____

Given _____

Given as Modified _____

Refused _____

Withdrawn _____

Source of instruction: *Castricone v. Michaud,* 223 Ill. App. 3d 138, 140 (3d Dist. 1991) ("Thus where there has been less than full performance the general measure of damages is the cost of repairing the defects and/or completing the project."); *Witty v. C. Casey Homes, Inc*., 102 Ill. App. 3d 619, 623-625 (1st Dist. 1981) ("As a general rule, the measure of damages or the credit due the purchaser, when performance by the builder has been less than full performance, is the cost of correcting the defects or completing the omission, rather than the difference in value between what ought to have been done in full performance and what was actually done."); *Nitekman v. Fifield Constr. & Realty*, 2023 IL App (1st) 211319-U,¶ ¶ 9-15 ("the measure of damages is 'the cost of repairing the defects and/or completing the project'"); *Brewer v. Custom Builders Corp*., 42 Ill. App. 3d 668, 674 (5th Dist. 1976) (same); *Meyers v. Woods*, 374 Ill. App. 3d 440, 453-54 (3d Dist. 2007); *Ross v. Danter Assoc., Inc*., 102 Ill. App. 2d 354, 370 (3d Dist. 1968).

BVCI alternative Instruction

The Subcontract is a binding and enforceable agreement.

The Boldt Company materially breached the Subcontract by failing to timely perform its work in accordance with the Construction Schedule.

BVCI justifiably terminated Boldt from the Project for cause effective September 30, 2019.

It is now for you to decide how much money, if any, would fairly compensate BVCI for Boldt's breach of contract. BVCI bears the burden of proving each element of damages claimed and that they occurred as a direct and natural result of Boldt's breach. In calculating BVCI's damages, you should determine that sum of money that will put BVCI in as good a position as it would have been in if Boldt had performed all of its promises under the contract.

BVCI seeks an award of direct damages equal to (i) the costs incurred to complete Boldt's work less the original contract price, (ii) costs incurred as a result of Boldt's delay in performing its work, plus (iii) overhead and general and administrative costs as provided under the Subcontract.

_____

Given _____

Given as Modified _____

Refused _____

Withdrawn _____

Source of instruction: IPI 700.13 Modified, *Damages*.

*Castricone v. Michaud*, 223 Ill. App. 3d 138, 140 (3d Dist. 1991) ("Thus where there has been less than full performance the general measure of damages is the cost of repairing the defects and/or completing the project."); *Witty v. C. Casey Homes, Inc*., 102 Ill. App. 3d 619, 623-625 (1st Dist. 1981) ("As a general rule, the measure of damages or the credit due the purchaser, when performance by the builder has been less than full performance, is the cost of correcting the defects or completing the omission, rather than the difference in value between what ought to have been done in full performance and what was actually done."); *Nitekman v. Fifield Constr. & Realty*, 2023 IL App (1st) 211319-U,¶ ¶ 9-15 ("the measure of damages is 'the cost of repairing the defects and/or completing the project'").

*Ambrose v. Biggs*, 156 Ill. App. 3d 515, 519 (2d Dist. 1987) (allowing delay damages for delay in construction).

Subcontract § 00552.25.4 p. 27 of 99.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BOLDT COMPANY, a Wisconsin Corporation, ) ) ) | |
| Plaintiff and Counter-Defendant, ) ) | Case No. 1:19-cv-08383 |
| vs. ) ) | Honorable Judge Andrea R. Wood |
| BLACK & VEATCH CONSTRUCTION, INC., ) a Missouri corporation, ) ) | Magistrate Judge Susan E. Cox |
| Defendant and Counter-Plaintiff. ) ) | |
| [And Related Claims] ) | |

## VERDICT A[2]

We, the Jury, find BLACK & VEATCH CONSTRUCTION, INC. is entitled to recover damages from The Boldt Company, Inc. in the amount of $_____.

_____  _____
_____  _____
_____  _____
_____  _____
_____  _____
_____  _____

_____

*IPI 700.18V Concluding Question for Verdict Form*

Given _____

Given as Modified _____

Refused _____

Withdrawn _____

---

[2] Boldt has not provided verdict forms pending the Court's ruling on its motion for reconsideration.