# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THE BOLDT COMPANY, a Wisconsin Corporation, ) ) ) | |
| Plaintiff and Counter-Defendant, ) ) | Case No. 1:19-cv-08383 |
| vs. ) ) | Honorable Judge Andrea R. Wood |
| BLACK & VEATCH CONSTRUCTION, INC., ) a Missouri corporation, ) ) | Magistrate Judge Susan E. Cox |
| Defendant and Counter-Plaintiff. ) ) | |

## BOLDT'S OMNIBUS POST-TRIAL MOTION

Dated: December 20, 2023

THE BOLDT COMPANY

By: /s/ Eric Berg

Bruce W. Ficken (*Pro Hac Vice*)
Kenneth A. Cushing (*General Bar*)
Christopher P. Josten (*Pro Hac Vice*)
**COZEN O'CONNOR**
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
*bficken@cozen.com*
*kcushing@cozen.com*
*cjosten@cozen.com*
(215) 665-2000

Eric A. Berg (ARDC # 6209624)
**BARNES & THORNBURG, LLP**
1 N. Wacker Drive, Suite 4400
Chicago, IL 60606
*eric.berg@btlaw.com*
(312) 214-8829

Randolph E. Ruff (ARDC # 6193537)
**OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.**
155 N. Wacker Drive, Suite 4300
Chicago, IL 60606-1731
*randolph.ruff@ogletree.com*
(312) 558-1220

**I.       INTRODUCTION**

BVCI owes Boldt money. That is not in dispute. Boldt and BVCI litigated the legal ramifications of BVCI's decision to terminate Boldt for four years in this Court, and the only unresolved issue is how much BVCI must pay to Boldt for overdue contract balances. This post-trial motion aims to ensure that this last issue is resolved in the most efficient and least complicated way. As outlined below, there are several possible procedural vehicles for ensuring that the judgment entered by this Court accounts for Boldt's breach of contract claim for the overdue balances that BVCI still refuses to pay.

*A.        Brief Procedural History*

The Court entered a final judgment in this case effective November 22, 2023. *See* Dkt. 318, 319. The judgment provides:

> [S]ummary judgment in favor of [BVCI] on [Boldt's] claim and [BVCI's] counterclaim, and awarded nominal damages of $1.00 for the counterclaim after a jury verdict.

Dkt. 319. On March 30, 2023, the Court issued a Memorandum Opinion and Order granting BVCI's motion for summary judgment and denying Boldt's motion for summary judgment on the ground that Boldt failed to comply with certain required contractual notice procedures following alleged Purchaser-Caused Delays or Turbine Vendor-Caused Delays. Dkt. 190. On October 2, 2023, the Court issued another Memorandum Opinion and Order denying Boldt's motion for reconsideration of the summary judgment order. Dkt. 259. The Court concluded: "Stated succinctly, BVCI properly terminated Boldt for cause and there is no jury issue regarding Boldt's claim for wrongful termination." Dkt. 259 at 29. Accordingly, the case proceeded to a jury trial for a determination of BVCI's damages. The trial resulted in a jury verdict for nominal damages of $1. Dkt. 315, 319. Now, one critical issue remains unresolved—how much BVCI owes Boldt under the Subcontract's termination for cause provisions.

### B. BVCI's Payment Obligations Following a Termination for Cause

Section 552.23 of the Subcontract specifically addresses the parties' rights and obligations following a termination for cause. Under Section 552.23.1, BVCI was required to pay Boldt "in full for Works[1] completed as required under this Subcontract." Ex. 1, Subcontract (P-2), § 552.23.1 (PDF p. 44).[2] But Section 552.23.4 permits BVCI to retain the amount owed to Boldt until 60 days after completion of Boldt's work and apply it to any amounts and damages that Boldt owed to BVCI. Specifically, this section provides:

> 00552.23.4 Requests for compensation attributable to termination under this Article 00552.23 must be submitted to Purchaser in accordance with Article 00552.18. Subcontractor will not be entitled to recover from Purchaser any damages, losses, costs or expenses related to or arising out of the terminated portion of the Work not performed by Subcontractor. Subcontractor's compensation under this Article 00552.23 will not exceed an amount commensurate with the ratio that the terminated Work accepted by Purchaser bears to all of the Work. *Any amount owed by Purchaser to Subcontractor for the level of completion of the Work shall be retained by Purchaser until after completion of the Work and applied by Purchaser to pay any amounts and damages owed by Subcontractor pursuant to this Article 00552.23 or otherwise. Any excess of the amount retained over the amount due under this Article 00552.23.4 shall be remitted to Subcontractor within sixty (60) days after the Work is completed*.

Ex. 1, Subcontract (P-2), § 552.23.4 (PDF p. 45) (emphasis added). Here, BVCI completed Boldt's scope of work on February 6, 2020. Ex. 2,[3] Trial Tr. 1492:6-8 (BVCI erected 60th rotor

---

[1] The term "Work" is defined by the Subcontract as follows: "'Work' means that which Subcontractor is to perform or provide under this Subcontract including the technical scope specified in Section 01100 of this Subcontract and all attachments thereto." As explained in Section 01100.2.1, the Schedule of Values (also called the Payment Estimate Breakdown) was attached to the Subcontract as Exhibit A-1 and includes agreed contract values assigned to each line item. *See* Ex. 1, Subcontract (P-2), § 551.4 (PDF p. 23) and PDF pp. 107, 119-21.

[2] Because of the size of the Subcontract, Exhibit 1 includes only the portions of the Subcontract referenced in this motion.

[3] Because of the size of the trial transcript, Exhibit 2 includes only the portions of the transcript referenced in this motion.

on February 6, 2020).[4] Therefore, any excess of the amount retained by BVCI over the amount due to Boldt under the termination for cause provision was required to be remitted to Boldt by April 6, 2020. BVCI never paid Boldt any amount after completion of Boldt's work because BVCI claimed that Boldt owed BVCI damages that exceeded what BVCI owed to Boldt. But the jury determined on November 17, 2023 that Boldt owes BVCI damages of $1. Yet BVCI still refuses to pay Boldt—even amounts that BVCI acknowledges are undisputed.

As detailed below, BVCI owes Boldt $5,215,994.11 under Section 552.23 of the Subcontract, plus 5% interest accruing from April 6, 2020. On December 12, 2023, counsel for Boldt sent a letter to counsel for BVCI requesting an update on BVCI's intention to make the overdue payment. *See* Ex. 4, 12/12/23 Letter. To date, BVCI has provided no response either client-to-client or through counsel.

### C. *Summary of Relief Sought*

In short, the result of this trial is that BVCI owes Boldt money. The only remaining question is how much. But the judgment does not yet reflect BVCI's breach or the amount BVCI owes to Boldt. Therefore, the judgment should be amended to reflect the amount BVCI owes to Boldt—especially all amounts BVCI acknowledges are undisputed but refuses to pay. To the extent the amount of payment due is in dispute, that dispute should be resolved as part of this same case—whether as a matter of law or by a jury in a limited proceeding. Therefore, as explained in more detail below, Boldt requests the following relief:

- Pursuant to Rule 59(e), Boldt requests that the Court alter the judgment to reflect either: (1) a judgment in Boldt's favor of $5,215,994.11, plus 5% interest accruing

---

[4] Mr. Miltonberger also refers to February 6, 2020 as the completion date throughout his expert report. *See, e.g.*, Ex. 3, Breakwater Rep. at 51.

3

       from April 20, 2020; or (2) a judgment in Boldt's favor of at least $873,970.71 with the final amount to be determined after further proceedings.[5]

- Alternatively, pursuant to Rules 15(b) and/or 15(d), Boldt requests leave to either amend or supplement its Complaint to specifically aver that BVCI has failed to pay Boldt amounts that became due under Section 552.23 on April 6, 2020, and order further proceedings to resolve any remaining dispute.

Additionally, to the extent required to preserve appellate rights, Boldt also: (1) pursuant to Rule 59(e) and for the reasons stated throughout these proceedings and the evidence presented at trial, requests that the Court amend its order granting summary judgment to BVCI on Boldt's breach of contract claim to instead deny BVCI's motion for summary judgment; and (2) pursuant to Rule 50(b), renews its motion for judgment as a matter of law for the same reasons articulated at trial and in the submitted briefs.

## II.    RULE 59(E) MOTION TO ALTER OR AMEND THE JUDGMENT

Consistent with the Court's suggestion at the post-trial status hearing (Ex. 5, 11/30/23 Hearing Tr. at 8:7-13, 9:2-6), Boldt moves pursuant to Rule 59(e) to alter or amend the judgment to include an accounting for Boldt's entitlement to contract balances due under the Subcontract's termination for cause provision.

Once the Court determined as a matter of law that "BVCI properly terminated Boldt for cause and there is no jury issue regarding Boldt's claim for wrongful termination" (Dkt. 259 at 29), all aspects of the termination for cause provisions should have been applied to both parties' breach of contract claims, including BVCI's obligation to pay Boldt. The termination for cause provisions require BVCI to pay Boldt "in full for Works completed" within 60 days after BVCI completed Boldt's scope of work, less any damages owed by Boldt to BVCI. *See* Ex. 1,

---

[5] Alternatively, pursuant to Rule 60(b)(1) or 60(b)(6), Boldt requests relief from the final judgment awarding nominal damages to BVCI because of Boldt's corresponding undisputed entitlement to a substantial payment from BVCI.

4

Subcontract (P-2), §§ 552.23.1, 552.23.4 (PDF pp. 44-45). Because it was possible for the jury to award BVCI damages that were less than the amount BVCI owes to Boldt under Section 552.23, the issue of how much Boldt is owed under Section 552.23 was, and is, ripe for a determination and should be incorporated into the judgment in this case.

### A. *The Judgment Should Be Altered to Reflect BVCI's Breach of Contract and the Amount Owed to Boldt*

Pursuant to the Subcontract, the jury's $1 award to BVCI in damages necessarily means that: (1) BVCI breached its contract with Boldt by continuing to withhold amounts due for work performed and (2) BVCI now owes Boldt damages. The judgment in this case should be amended to reflect that reality.

Consistent with the Subcontract's termination for cause provisions, on October 2, 2019, Boldt submitted an invoice for payment for work it had performed. *See* Ex. 6, Invoice (P-649). BVCI and Boldt were required to settle up on April 6, 2020—sixty days after BVCI completed Boldt's scope. BVCI chose not to pay Boldt because it believed it was entitled to damages that exceeded the amount due to Boldt. The Subcontract, however, did not permit BVCI to retain the amount owed to Boldt until a jury determined whether BVCI's decision to withhold payment was wrong; rather, the Subcontract permitted BVCI to retain the amount owed to Boldt only until 60 days after completion of Boldt's scope of work. Therefore, when a jury decided that Boldt owes BVCI only $1 in damages, it automatically followed that BVCI breached Section 552.23.4 on April 6, 2020 when it continued to withhold the amount due to Boldt for Works completed.

The Court acknowledged the possibility of this outcome, but dismissed it at the time as remote and speculative. For example, in an Order dated October 23, 2023, the Court wrote:

> Theoretically, it is possible and contemplated by Subcontract § 00552.23.4 that the amount owed to Boldt (and which has been retained by BVCI) will end up exceeding the amount the jury awards BVCI as its damages. At this point, however, that possibility is only

5

> speculative since the jury has not yet determined BVCI's damages. ***Also speculative is Boldt's suggestion that BVCI will breach its obligation under the Subcontract to remit any excess***. Perhaps a jury will find that BVCI's damages are zero and BVCI then refuses to pay Boldt the sum to which Boldt believes itself entitled. But only once that eventuality materializes will Boldt be able to claim that BVCI has breached Subcontract § 00552.23.4.

Dkt. 273 at 3 (emphasis added).

As the jury verdict demonstrates, dismissing as speculative the possibility that BVCI was improperly withholding funds owed to Boldt was error. Though the Court's approach was understandable given its determination on summary judgment that Boldt was responsible for the project delay, nothing prevented the jury from concluding that Boldt owed BVCI less than the amount BVCI owed for work Boldt completed.[6] Rule 59(e) enables the Court to correct that oversight in the interest of economy, *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996), and to correct any errors that "slip[] into the case." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012). The judgment should therefore be altered to reflect a judgment in favor of Boldt for the amount this Court determines Boldt is owed.

Amending the judgment to reflect the full implications of the jury's verdict will avoid unnecessary procedures and preserve judicial resources. The Seventh Circuit has observed that Rule 59(e) allows a court to amend a judgment to "avoid unnecessary appellate procedures." *Moro*, 91 F.3d at 876; *accord Miller*, 683 F.3d at 813. By the same token, Rule 59(e) can also be used to avoid duplicative and unnecessary collateral proceedings. Although the Court has suggested that Boldt may file a separate action for breach of contract if BVCI continues to refuse to pay what it owes to Boldt, it would be more efficient to handle this last issue within these

---

[6] That said, Boldt maintains that genuine disputes of material fact remain regarding its liability under the Subcontract and continues to disagree with the Court's summary judgment determination.

proceedings and as part of this judgment. In the interests of judicial economy, the Court should alter the judgment to account for BVCI's breach of the contract and the corresponding amount BVCI owes to Boldt.

### B. Boldt Has Always Pursued Damages it is Owed for Breach of Contract

Boldt has maintained throughout this litigation that BVCI owes it damages for work performed. To be sure, Rule 59 does not allow a party to belatedly correct its own procedural oversights. *See Moro*, 91 F.3d at 876. But BVCI cannot complain that Boldt is now advancing novel claims. Boldt sued BVCI for breach of contract. In its Complaint, Boldt pled that it "performed everything that was required of it under the Subcontract," that it is "entitled to receive payment for…the work it completed," that it "demanded payment from BVCI," and that BVCI had not yet paid Boldt. Dkt. 1, ¶¶ 50-54. The fact that Boldt was terminated for cause does not change the fact that Boldt performed work, is entitled to be paid for that work, demanded payment, and has not been paid—all facts pled that support a breach of contract claim.

It does not matter that Boldt did not mention the specific provision of the Subcontract pursuant to which it was seeking damages in its Complaint. It is well-established that the Federal Rules of Civil Procedure do not require a plaintiff to plead legal theories. *See, e.g.*, *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014). Indeed, "[t]he federal rules effectively abolish the restrictive theory of the pleadings doctrine, making it clear that it is unnecessary to set out a legal theory for the plaintiff's claim for relief." *Id.* at 12 (quoting Wright & Miller); *see also Zall v. Std. Ins. Co.*, 58 F.4th 284, 295 (7th Cir. 2023) (collecting cases). Courts are to construe pleadings in the plaintiff's favor, affording the complaint a fair and reasonable construction "so as to do justice." *Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 556 (7th Cir. 2021). "[T]he fact that the complaint omits a legal theory cannot block a plaintiff from invoking that theory." *Koger. v. Dart*, 950 F.3d 971, 974-75 (7th Cir. 2020) (permitting change in legal

theories at later stages of suit with no need to amend complaint); *see also Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992) ("the complaint need not identify a legal theory, and specifying an incorrect theory is not fatal"). Further, as it relates to breach of contract claims, plaintiffs are not required to cite a specific contract provision that was allegedly breached, but must place the defendant on fair notice of the contractual duty it breached. *See, e.g.*, *Souza v. Erie Ins. Co.*, 2023 U.S. Dist. LEXIS 128581, at *9 (N.D. Ill. July 25, 2023) (Seeger, J.) (collecting cases). Consistent with well-established case law and Rule 8, Boldt's Complaint alleged facts to support a breach of contract claim. It is irrelevant that Boldt originally pursued a legal theory of wrongful termination and was therefore owed damages under the Subcontract's termination without cause provision, among other damages.

After filing its Complaint, Boldt continued to seek recovery for work that it performed and for which payment remained due. Before the Court ruled on BVCI's summary judgment motion, Boldt had no reason to seek a subset of damages that it was owed under the termination for cause provisions. Once the Court ruled that Boldt was not wrongfully terminated as a matter of law, however, Boldt's legal theory to pursue damages pursuant to the termination for convenience provision was no longer relevant. But Boldt still had and still has a claim for breach of contract based on its entitlement to damages following a termination for cause. Reflecting those changed circumstances, Boldt sought to introduce evidence of those damages at trial. Dkt. 266 at 1. And even though the Court granted BVCI's motion in limine to bar that evidence, the Court recognized the possibility that those damages could be available to Boldt in the future. Dkt. 273 at 3. Boldt has diligently pursued its claims for damages, and it advanced its legal theories before the district court rendered a judgment. *See Miller*, 683 F.3d at 813. And even if Boldt "could have been clearer" about the specific contractual provisions it was pursuing at some

8

point in the litigation, Rule 59(e) allows a court to amend a judgment to align with a position fairly within the scope of a plaintiff's original argument. *See id.* at 814-15.

At bottom, none of the damages that Boldt seeks are new. Rather, the damages owed to Boldt following a termination for cause are merely a subset of the damages Boldt pursued under a wrongful termination theory. Said differently, although some portions of Boldt's alleged damages for wrongful termination are no longer recoverable based on the Court's summary judgment ruling, the portion of damages related to payment for the value of the work Boldt completed (which Boldt has always pursued) remains due even after a termination for cause. The only difference is that this amount could have ***potentially*** been offset by damages Boldt owed to BVCI. Now that the jury has determined that Boldt owes BVCI only nominal damages, the judgment should be amended to reflect the damages Boldt is owed. *See Schilke v. Wachovia Mortg., FSB*, 758 F. Supp. 2d 549, 562 (N.D. Ill. 2010) (granting plaintiff's Rule 59(e) motion to amend the judgment based on clarified interpretation of allegations in plaintiff's complaint).

### C. Boldt is Owed $5,215,994.11 Plus Interest Due to BVCI's Breach, a Large Portion of Which is Undisputed

From the evidence presented, this Court can determine the amount that BVCI owes Boldt and amend the judgment accordingly. The evidence in this case demonstrates that Boldt is entitled to judgment in its favor of $5,215,994.11, plus 5% interest accruing from April 6, 2020. That amount is calculated based on the invoice submitted on October 2, 2019, plus demobilization and unit adjustment pricing, less the amounts paid by BVCI, less the $1 in damages owed to Boldt.

On October 2, 2019—two days after Boldt was terminated—it submitted an invoice pursuant to Section 552.23.1. *See* Ex. 6, Invoice (P-649). The invoice demonstrates that Boldt

9

had earned $5,501,202.39 against the agreed-upon Schedule of Values.[7] *Id.* at BV 0115075-76. The cover letter to the invoice noted it did not include any costs for pending change orders, claims, demobilization costs, or completed added scope items. *Id.* at BV 0115074. After accounting for the agreed demobilization payment of $755,490[8] and the contractual unit adjustment pricing of $341,684 owed for the additional layer of timber crane matting installed by Boldt at BVCI's direction at T-22, T-67, T-23, and T-59 (*see generally* Ex. 2, Trial Tr. at 1840-42, 1958-66),[9] the amount earned by Boldt for Work completed at the time of termination was $6,598,376.39.[10] BVCI has paid Boldt $1,382,381.28. *See* BV-7;[11] Ex. 2, Trial Tr. 1043:8-1044:4, 1926:4-9. And Boldt owes BVCI $1 in damages. Dkt. 319. Accordingly, BVCI was required to remit $5,215,994.11 to Boldt as of April 6, 2020. Accounting for the appropriate interest of 5% under 815 ILCS 205/2, the total amount BVCI owes to Boldt as of today's date pursuant to the Subcontract's termination for cause provision is calculated as follows:

---

[7] Pursuant to Section 551.4 of the Subcontract governing payment terms, by approving the Payment Estimate Breakdown that was included as Exhibit A-1 to the Subcontract, BVCI agreed that it contained a reasonable distribution of the Subcontract Price. *See* Ex. 1, Subcontract (P-2), § 551.4 (PDF p. 23). Matt Hussin (Boldt) testified during trial that the values in the contract value column were agreed amounts to break up the contract price into different buckets for purposes of invoices. Ex. 2, Trial Tr. at 1838:25-1839:9. In closing argument, counsel for BVCI also acknowledged that BVCI relied on the Schedule of Values—and specifically the one submitted with the October 2, 2019 invoice (Ex. 6, Invoice (P-649)) to determine the scopes of work completed by Boldt and completed by BVCI. Ex. 2, Trial Tr. 2707:17-20. Additionally, Section 551.4 dictates that "[t]he Payment Estimate Breakdown, once approved by the Purchaser, may only be revised by Subcontract Revision" and "[t]he parties will use the current Payment Estimate Breakdown to calculate that month's progress payment total by multiplying the percent complete for each line item times the contract value assigned to that line item." Ex. 1, Subcontract (P-2), § 551.4 (PDF p. 23).

[8] There is no dispute that Boldt demobilized, which is also common sense given that at some point Boldt would always have to remove its labor and equipment from the Project site. *See e.g.*, Ex. 2, Trial Tr. 1341:18-19 (acknowledging Boldt's demobilization). There is also no dispute that demobilization was within Boldt's scope of work. *See, e.g.*, Ex. 1, Subcontract (P-2) at PDF p. 8 (showing demobilization as a scope of work element); Ex. 2, Trial Tr. 2419:24-25 (BVCI counsel acknowledging that demobilization is included in Boldt's scope of work); Ex. 6, Invoice (P-649) at BV 0115076 (Schedule of Values assigning value of $755,490 to demobilization).

[9] BVCI presented no evidence at trial to contradict Boldt's testimony that it installed a second layer of timber matting at four sites at BVCI's direction.

[10] Boldt sent BVCI a separate invoice to reflect the demobilization and contractual unit adjustment pricing on December 15, 2023. *See* Ex. 9, 12/15/23 Email and Invoice.

[11] BV-7 is a native excel document admitted into evidence at trial.

| Item | Amount |
|---|---:|
| October 2, 2019 Invoice | $5,501,202.39 |
| Demobilization | $755,490.00 |
| Unit Adjustment Pricing - Timber Mats | $341,684.00 |
| Amount Paid by BVCI Prior to 10/2/19 | ($1,382,381.28) |
| Amount Boldt Owes to BVCI | ($1.00) |
| **Subtotal** | **$5,215,994.11** |
| Interest from 4/6/20 to 12/20/23 (1,353 days) | $966,745.21 |
| **TOTAL** | **$6,182,739.32** |

Even if the Court were not inclined to enter judgment in Boldt's favor for the full amount of $5,215,994.11 at this time without additional substantive briefing or even a second limited trial, at a minimum, the Court should either: (1) alter the current judgment to reflect a judgment in Boldt's favor in the amount that BVCI does not dispute, or (2) vacate the judgment until a final determination can be made regarding how much BVCI owes to Boldt.

Even if BVCI disputes the amount due as shown above, a balance of at least $873,970.71 is undisputedly due to Boldt. During this litigation, BVCI took the position that the value of the Work Boldt completed was $2,256,353. *See* Ex. 10, Breakwater Rebuttal Rep. at 36-37; Ex. 8, 10/23/23 Final Pretrial Conference Tr. at 44:3-45:4. To get to this reduced number, BVCI ignores lines 1 through 4 and line 17 on the Schedule of Values (including mobilization and demobilization), recalculates a "percent complete" of 14.69% based solely on lines 5 through 16 of the Schedule of Values, and then applies the 14.69% to the overall Subcontract value.[12] Boldt disagrees with BVCI's prior position for many reasons (including that it directly contradicts the Subcontract's payment terms), but will address any issues as appropriate following BVCI's response to this motion. The point for purposes of this motion, however, is that even accepting

---

[12] This is consistent with counsel's recollection during the October 23, 2023 pretrial hearing that "I know what Nilesh Zirpe and Jason Schottler believe and told Boldt at the time they thought the value of the work was, and I know how they calculated it. And so, at the end of the day, their number comes out to 14.56 percent done which is like, I think, 2.4 million arguably owed. I don't know if that includes the 1.5 or not. I haven't gotten that much in the weeds on that issue, but BVCI has the number, yes." Ex. 8, 10/23/23 Final Pretrial Conference Tr. at 44:3-10.

BVCI's prior position on the amount owed to Boldt under Section 552.23, BVCI would still owe Boldt $873,970.71 before applying the 5% interest.[13] Accordingly, BVCI acknowledges that, *at a minimum*, Boldt is entitled to judgment in its favor of $873,970.71 plus interest.

Accordingly, the Court should grant Boldt's Rule 59(e) motion and alter the judgment to reflect either: (1) a judgment in Boldt's favor of $5,215,994.11, plus 5% interest accruing from April 20, 2020, or (2) a judgment in Boldt's favor of at least $873,970.71 with the final amount to be determined after further proceedings.

## III. RULE 15 MOTION TO AMEND AND/OR SUPPLEMENT THE COMPLAINT

Boldt alternatively requests that the Court permit a combination of amended pleadings and supplemental pleadings pursuant to Rules 15(b) and (d) with corresponding alterations to the judgment as appropriate. Specifically, Boldt requests the following alternative relief:

- First, under Rule 15(b)(2), allow Boldt to amend its Complaint to conform to the evidence tried by consent that BVCI owes Boldt amounts due for work performed prior to the termination. While Boldt believes there is a basis for an award of $5,215,994.11 plus interest, at a minimum, BVCI has acknowledged unpaid retainage of $153,597.92.

- Second, alter the judgment to reflect a judgment in Boldt's favor of at least $153,597.92, with the final amount to be determined after further proceedings.

- Third, permit Boldt to either amend its Complaint pursuant to Rule 15(b)(1) or serve a supplemental pleading pursuant to Rule 15(d) to specifically aver that BVCI has failed to pay Boldt amounts that became due under Section 552.23 on April 6, 2020, and order further proceedings to resolve any remaining dispute— whether through summary judgment briefing or a limited trial if needed.

### A. *Rule 15(b)(2) Amendment for Issues Tried by Consent*

Rule 15(b)(2) provides:

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if

---

[13] BVCI's alleged value of work completed of $2,256,353, less the $1,382,381.28 paid by BVCI prior to termination, less the $1 jury verdict for BVCI's damages, equals $873,970.72. The interest would raise this to more than $1 million in undisputed amounts owed.

12

> raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Here, as explained in Part II, *supra*, Boldt properly pled a breach of contract for amounts due and unpaid. But regardless, at a minimum, the portion of the amount Boldt is owed in retainage on prior payments was tried by the parties' consent and is owed to Boldt.

During trial, BVCI repeatedly acknowledged that it has not paid previously withheld retention of $153,597.92. *See, e.g.*, Ex. 2, Trial Tr. 1045:11-13, 1496:2-8. During trial on November 16, 2023, BVCI's counsel represented:

> The retainage is still a cost. It just hasn't been released. Once this – and Mr. Zirpe testified about this. And that's the importance of the AP BV-7 exhibit. It shows that amount of, I want to say, 135,000 or 158,000 of retainage. Once this claim is settled out – Thursday, Friday, or Monday, I think – that money gets released."

Ex. 2, Trial Tr. 2538:13-18. Likewise, Mr. Miltonberger testified: "If and when Boldt's contract with Black & Veatch is closed out, Black & Veatch would release that retainage just like they did with every other vendor and subcontractor on this project when their contracts were closed out." Ex. 2, Trial Tr. 2633:1-6. Further, during closing argument, BVCI's counsel represented to the jury: "We paid Boldt 1.3 million. And there's retainage of about 158,000. ***That retainage will get let go after this claim is resolved***." Ex. 2, Trial Tr. 2715:10-12 (emphasis added). Thus, there is no doubt that the pleadings and the judgment can be altered to account for this amount of retainage, which remains unpaid today.

  **B.**  ***Rule 15(b)(1) Amendment Based on an Objection at Trial or Rule 15(d) Supplemental Pleadings***

In addition to amending the Complaint to conform to the evidence tried by consent regarding the acknowledged unpaid retainage of $153,597.92, Boldt requests permission to amend or supplement its pleadings as appropriate under either Rule 15(b)(1) or Rule 15(d).

13

Whether amended or supplemented, the practical result sought by Boldt is the same—addressing the final open issue that needs to be resolved before a final judgment is entered.

    Rule 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Again, as explained in Part II, *supra*, Boldt properly pled a breach of contract for amounts due and unpaid, which necessarily includes amounts due and unpaid under Section 552.23. Nonetheless, the Court indicated that it may believe the event giving rise to a claim for BVCI's failure to remit excess amounts owed to Boldt under Section 552.23.4 did not accrue until the jury verdict was rendered. As noted in Part II(A), *supra*, in an Order dated October 23, 2023, the Court wrote:

> Perhaps a jury will find that BVCI's damages are zero and BVCI then refuses to pay Boldt the sum to which Boldt believes itself entitled. But only once that eventuality materializes will Boldt be able to claim that BVCI has breached Subcontract § 00552.23.4.

Dkt. 273 at 3 (emphasis added). Here, the jury found that BVCI's damages are $1. Following the verdict, Boldt—both at the business level and through counsel—demanded the payment now unmistakably overdue. BVCI has refused to pay. Thus, as an alternative to other relief sought in this motion, Boldt should be entitled to supplement its pleadings to specifically assert a cause of action for BVCI's recent refusal to pay Boldt. This would be far more efficient than filing a separate action, even if ultimately consolidated with these proceedings prior to any appeal.

    Similarly, Rule 15(b)(1) presents another means to the same end. Up to the eve of trial, BVCI objected to evidence related to what Boldt is owed under Section 552.23 as outside the

14

remaining issues given the Court's prior rulings. In those circumstances, Rule 15(b)(1) provides that "[t]he court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice the party's action or defense on the merits." Here, there is no evidence that BVCI would be prejudiced in any way by presentation of evidence regarding what Boldt is owed under Section 552.23. Indeed, given the jury verdict on BVCI's damages, a determination of the amount owed to Boldt must be made for BVCI to comply with its obligations and close out the Subcontract.

Accordingly, as alternative relief, the Court should grant Boldt's Rule 15 motion and permit Boldt to either amend or supplement its Complaint to specifically aver that BVCI has failed to pay Boldt amounts that became due under Section 552.23 on April 6, 2020, and order further proceedings to resolve any remaining dispute.

## IV. CONCLUSION

For the foregoing reasons, Boldt respectfully requests that this Court grant Boldt's motion to either: (1) alter the judgment to include an award in Boldt's favor in the amount of $5,215,994.11, plus 5% interest accruing from April 6, 2020; or (2) alter the judgment to include an award in Boldt's favor for the undisputed amount and order further proceedings to resolve any disputed amounts along with all appropriate amendments or supplements to the pleadings; and (3) grant all other relief the Court deems just.

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

      /s/ Eric A. Berg